**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIOMARA ARELY SEGOVIA GRANADOS; V. M. A.-S., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.   21-70269 <br><br> Agency Nos.    A208-751-547 <br> A208-751-548 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2026**

Before:  GOULD, BENNETT, and BADE, Circuit Judges.

Xiomara Arely Segovia Granados (Segovia) and her minor son, natives and

citizens of El Salvador, petition for review of an order of the Board of Immigration

Appeals (BIA) dismissing the appeal of an immigration judge's (IJ) decision

denying their applications for asylum, withholding of removal, and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA adopted and affirmed the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), "we review the IJ's order as if it were the BIA's."  *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).  We review the agency's "legal conclusions de novo and its factual findings for substantial evidence."  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted); *see also Urias-Orellana v. Bondi*, No. 24-777, 2026 WL 598435, at *2 (U.S. Mar. 4, 2026) ("[T]he agency's conclusion that a given set of undisputed facts does not constitute persecution" is reviewed for substantial evidence.).  Under the substantial evidence standard, we will reverse the agency "only on a finding that the evidence not only supports a contrary conclusion, but compels it."  *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016)).

1.       The BIA did not violate Segovia's due process rights by adopting and affirming the IJ's decision.  By citing its decision in *Matter of Burbano*, 20 I. & N. Dec. at 874, the BIA signified "that it had conducted an independent review of the record and had exercised its own discretion in determining that its conclusions

---

[1] Segovia's son is a derivative beneficiary of her asylum application and did not file a separate application for withholding of removal or CAT relief.

were the same as those articulated by the IJ." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc); *see also Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir. 2004) (rejecting argument that BIA's streamlined decision denied petitioner due process of law).

2.      Substantial evidence supports the IJ's determination that Segovia did not establish past persecution or a well-founded fear of future persecution to support her applications for asylum and withholding of removal.  Segovia testified that she and her son had not been threatened, personally harmed, or had any contact with gang members in El Salvador, which forecloses any conclusion that she suffered past persecution.  *See Ruano v. Ashcroft*, 301 F.3d 1155, 1160 (9th Cir. 2002) (stating "actual suffering or harm is necessary to establish past persecution").  Additionally, Segovia's fear of gang violence and generalized crime is insufficient to support a well-founded fear of future persecution based on a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  And Segovia's family living unharmed in El Salvador further undermines the objective reasonableness of any fear of persecution.  *Cf. Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (explaining that a claim of future persecution is "weakened, even undercut, when similarly-situated family members continue to live in the country

3

without incident"), *superseded by statute on other grounds as recognized in*, *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

3.      The BIA determined that Segovia did not meaningfully challenge the IJ's findings that she was not eligible for CAT relief and thus deemed the issue waived.  Accordingly, as Respondent correctly argues, Segovia's arguments concerning the IJ's findings on these points are not exhausted and we do not consider them.  8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that although the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim-processing rule that a court must enforce if a party raises the issue).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal is lifted, and the motion for a stay of removal, Dkt. 1, is denied.